### W. B. REEVES V. THE STATE.

No. 9908.   Delivered March 10, 1926.

**1.—Malicious Mischief—Information and Complaint—Held Insufficient.**

Where a complaint is brought under the old Article 1231, revision of 1911, which has been superseded by Art. 1231 of 1916, denouncing the offense of cruelty to animals, such complaint is insufficient, the elements of the offense under our present statute being different from those set forth in the old Article 1231, and also the punishment for the offense.

**2.—Same—Statute Construed.**

The offense relating to killing or injuring animals are brought forward in the 1925 Revision of the Penal Code under Arts. 1372, 1373 and 1374. Under the facts in this case the prosecution seems to fall under Art. 1272, but there is no allegation to support the proof. Art. 1373 denounces as a crime the killing or wounding of an animal "with the intent to injure the owner." No such allegation is found in the complaint and information in the present case.

**3.—Same—Continued.**

In order to charge an offense for killing or mutilating an animal under Art. 1374 (formerly 1231, copied in the opinion) it is necessary to allege and prove that the killing or mutilating was "needlessly" done. In the absence of such allegation the present prosecution could not proceed under the last named article, and the judgment is reversed and the prosecution ordered dismissed under the present complaint and information.

Appeal from the County Court of Henderson County. Tried below before the Hon. Grover C. Curlee, Judge.

Appeal from a conviction for malicious mischief, in that he did "willfully and wantonly wound one cow," penalty a fine of $100.00.

The opinion states the case.

*Miller & Miller* of Athens, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for malicious mischief. The specific charge against appellant was that he did "willfully and wantonly wound one cow." In event of conviction the court authorized a punishment by fine of not less than five nor more than one hundred dollars.

The prosecution was under old Article 787, which appears in the Penal Code, Revision of 1911 as Article 1231, and carried the penalty authorized by the court's instruction. In 1913, by Ch. 88, the Thirty-Third Legislature passed a general law against cruelty to animals which superseded the articles just referred to and which appears in Vernon's P. C. (1916) as amended Article 1231, reading as follows:

"Every person who overdrives, willfully overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, or needlessly mutilates or kills, or carries in or upon any vehicle, or otherwise in a cruel or inhuman manner, or causes or procures to be done, or who having the charge or custody of any animal

unnecessarily fails to provide it with proper food, drink or cruelly abandons it, shall upon conviction be punished by fine of not less than ten dollars nor more than two hundred and fifty dollars."

It may readily be seen that essential changes were made and a different penalty prescribed. This was called to the attention of the learned trial judge by motion to quash the complaint and information, and also by an exception to the charge that it authorized a penalty not provided by statute, all of which were by the court overruled. The offenses relating to killing or injuring animals are brought forward in the 1925 Revision of the Penal Code under Articles 1372, 1373 and 1374. The first of these articles deals with the wounding or killing of an animal when upon cultivated land surrounded by an insufficient fence. Under the facts of the present case the prosecution seems to fall under this article, but there is no allegation to support the proof. Article 1373 denounces as a crime the killing or wounding of an animal when done "with intent to injure the owner." No such allegation is found in the complaint and information in the present case. In order to charge an offense for killing or mutilating an animal under Article 1374 (formerly 1231, copied in this opinion), it is conceived necessary to allege and prove that such killing or mutilating was "needlessly" done. In the absence of such allegation the present prosecution could not proceed under the last named article.

The complaint and information being based upon a statute which was no longer in effect, and containing no averments bringing it within any of the articles last mentioned, it becomes the duty of this court to reverse the judgment and order a dismissal of the prosecution under the present complaint and information, which is accordingly so ordered.

*Reversed and dismissed.*